UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
UNITED STATES OF AMERICA,

       Plaintiff,

  -against-

CHRISTOPHER REESE,

       Defendant.
----------------------------------------------x

ORDER
92 CR 1001 (ILG)

GLASSER, United States District Judge:

      This motion seeks an Order of this Court that would vacate an Order issued by Judge Raggi on November 8, 2000, amending an Order sentencing the defendant to five concurrent terms of imprisonment for five separate violations of supervised release. He claims entitlement to that relief because his counsel was ineffective in advising him that he could not appeal that Order and because neither the Court nor his counsel provided him with a copy of that Order.

      Reese is a serial filer. He was convicted after a two week trial for violating 18 U.S.C. § § 371, 2315 and 513(a) in April 1993, and sentenced on January 7, 1994, to imprisonment for 78 months to be followed by three years of supervised release.

      His conviction was affirmed on appeal but his sentence was vacated and the case remanded for re-sentencing. 54 F.3d at 83. Upon remand, he was re-sentenced to 57 months imprisonment and three years of supervised release.

On June 3, 1996, Reese moved to correct the amended judgment of sentence which Judge Raggi denied in an Order dated July 17, 1996. He then filed a notice of appeal on July 25, 1996, and on March 6, 1998, Judge Raggi's Order denying his motion to correct his sentence was affirmed. 1998 WL 637232 (2d Cir. 1998).

Following his release from prison, Reese was charged with making false statements to the Probation Department, associating with criminals, engaging in new criminal conduct and failing to notify the Probation Department within 72 hours of his arrest, all in violation of the terms of his supervised release.

On April 28, 2000, at a hearing before Judge Raggi, he pleaded guilty to three of the six charges and found guilty of two additional violations. He was sentenced for each of those violations to ten months imprisonment, concurrently.

Reese, not long thereafter, by letter dated October 30, 2000, requested the aforementioned order of imprisonment to be amended to reflect his change of name. Judge Raggi granted his request and issued such Order on November 8, 2000.

In 1995, Reese, together with his co-defendant, filed a petition pursuant to 28 U.S.C. § 2255 addressed to his 57 month sentence alleging ineffective assistance of counsel for failing to raise a constructive amendment to his indictment on appeal and for failing to petition the Circuit Court for a hearing based on that Court's failure to apply the rule of lenity on their direct appeal. Judge Raggi's denial of that petition was affirmed on appeal 1996 WL 672354 (2d Cir. 1996).

Reese then filed his first <u>coram nobis</u> petition on April 8, 2003, challenging his conviction after trial which was denied on November 17, 2003 in a decision by Judge Block to whom the matter was assigned and familiarity with which is assumed.

Reese filed a second <u>coram nobis</u> petition on August 7, 2008, which this Court denied in a Memorandum and Order dated October 31, 2008, familiarity with which is assumed.

Reese then filed, on February 23, 2009, a "Motion to Correct Judgement Pursuant to Rule 36 of the Federal Rules of Criminal Procedure" which this Court denied in an Order dated March 3, 2009, familiarity with which is assumed.

Pending now is a motion filed by Reese on April 8, 2009. This motion is an undisguised third <u>coram nobis</u> petition which is hereby denied for all the reasons set forth in the Government's Memorandum in Opposition to it, which thoroughly reviewed the extensive history of Mr. Reese in this Court and extensively discussed the applicable law rather than simply requesting the Court to dismiss it summarily as a third <u>coram nobis</u> petition as meritless as the preceding two and as the motions and the petitions preceding those.

Reese is currently in custody for two subsequent federal convictions. These meritless and frivolous serial filings may provide him with a vehicle for passing the time in confinement, but they impose an unjustifiable burden upon the Court, the judiciary and the Department of Justice, which they should not continue to bear.

Having exhausted every conceivable challenge to his conviction and sentence in 92 CR 1001 and every avenue of post-conviction relief, he is hereby enjoined from filing any further motion or petition derived from 92 CR 1001 and from any post-conviction relief sought therefrom.

SO ORDERED.

Dated: Brooklyn, New York
July 9, 2009

_____S/_____
I. Leo Glasser